UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLY EUGENE RIGGS,<br><br>    Plaintiff,<br><br> v.<br><br>BETSY MARTINEZ and ELMORE COUNTY,<br><br>    Defendants. | Case No. 1:22-cv-00026-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Bradly Eugene Riggs's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the Complaint and directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1. Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

§§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, is an "obvious bar to securing relief on the face of the

complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

## 2.      Factual Allegations

Plaintiff is an inmate in the custody of Elmore County, currently held in the Elmore County Jail. At the time his claims arose, Plaintiff was a pretrial detainee.

Plaintiff alleges that the Elmore County Prosecutor's Office improperly caused him to be detained "in custody violating [his] right to a speedy trial, holding [him] for 9 months without any evidence." *Compl*., Dkt. 3, at 2. The charges were then dismissed.[2] Plaintiff claims that he was falsely imprisoned and that, while in jail, he was "jumped," "beat up," and "picked on as well." *Id*.

## 3.      Discussion

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.      *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights

---

[2] It is unclear whether Plaintiff's current detention or incarceration is related to charges similar to those that were previously dismissed. It is also unclear whether Plaintiff remains a pretrial detainee, or whether he has been convicted on criminal charges. In any amended complaint, Plaintiff should clarify these issues.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in

motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1205–09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691

(quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff alleges that Elmore County violated his Sixth Amendment right to a speedy criminal trial.[3] The Supreme Court has described the speedy trial right as "generically different from any of the other rights enshrined in the Constitution for the protection of the accused." *Barker v. Wingo*, 407 U.S. 514, 519 (1972). The speedy trial right exists not only to safeguard the rights of the defendant, but also to protect the "societal interest in providing a speedy trial which exists separate

---

[3] Plaintiff also asserts a violation of his Fourteenth Amendment due process rights. *Compl.* at 2. However, this claim is more appropriately analyzed as a speedy trial claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (stating that where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

from, and at times in opposition to, the interests of the accused." *Id*. The right is "necessarily relative, … consistent with delays[,] and depends upon circumstances." *Id.* at 522 (internal quotation marks omitted). Because the speedy trial right requires a very case-specific analysis, it has even been described as "amorphous" and "slippery." *Id.*

The right to a speedy trial is not subject to rigid application, but, instead, must be analyzed under a balancing test. *Id.* at 522, 530. The Court must consider four factors in considering whether a habeas petitioner has established a speedy trial violation: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) prejudice to the defendant. *Id*. at 530–32. These factors are related "and must be considered together with such other circumstances as may be relevant." *Id*. at 533.

Plaintiff sues two defendants for violation of the speedy trial right—Elmore County and Betsy Martinez.

   i. <u>Defendant Martinez</u>

The body of the Complaint contains no allegations whatsoever against Defendant Martinez. Thus, the Complaint does not state a plausible claim against this Defendant. If Defendant Martinez is a member of the Elmore County Prosecutor's Office, the issue of absolute immunity may also apply to bar Plaintiff's claims.

Prosecutors have absolute immunity for any actions taken in the performance of an integral part of the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such actions include initiating and pursuing a criminal prosecution, *id.* at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), participating in hearings, and "making false or defamatory statements in judicial proceedings," *Burns v. Reed*, 500 U.S. 478, 490 (1991).

Prosecutors are not absolutely immune if they conduct their own investigations, if they fabricate evidence, or if they elicit known false evidence for use in a prosecution. *See Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001). Absolute prosecutorial immunity does extend, however, to "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Id.* at 1008; *see Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003). If a prosecutor is not entitled to absolute immunity, the prosecutor may still be entitled to qualified immunity, which insulates governmental actors from liability for money damages other than "the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotation marks omitted).

Plaintiff should keep these standards in mind if he chooses to file an amended complaint.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

ii.      <u>Defendant Elmore County</u>

As for Elmore County, the Complaint does not contain sufficient facts to support a reasonable inference that the county has a policy, custom, or practice of delaying criminal trials and, thereby, violating defendants' constitutional right to a speedy trial. *See Monell*, 436 U.S. at 694. Plaintiff may attempt to remedy this deficiency in an amended complaint.

### B.   *State Law Claims*

In addition to § 1983 claims, Plaintiff purports to assert state law claims. *Compl*. at 1. However, because Plaintiff does not even identify any such claims, the Complaint fails to state a plausible claim under Idaho state law.

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

### 4.   Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other*

*grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that Plaintiff can meet the *Monell*

requirements, explained in detail above, if Plaintiff continues to name Elmore County as a defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.  The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[4]

2.  If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

---

[4] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13

3.    Plaintiff's request for appointment of counsel (contained in the

Complaint) is DENIED without prejudice. Plaintiff may renew the

request for counsel in an amended complaint.


DATED: June 3, 2022

B. Lynn Winmill
U.S. District Court Judge